IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                              Case No. 2:02-cr-83-1

Jerome Cross

ORDER

    This matter is before the court on the defendant's motion under 18 U.S.C. §3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. §994(u). The defendant has filed a motion for modification of his sentence in light Amendment 748 to the United States Sentencing Guidelines ("U.S.S.G.") applicable to cocaine base offenses.

    Defendant was convicted of the offenses of conspiracy to distribute and to possess with the intent to distribute cocaine base in excess of fifty grams and cocaine in excess of five kilograms in violation of 21 U.S.C. §846; possession with the intent to distribute in excess of five kilograms of cocaine and in excess of fifty grams of cocaine base in violation of 21 U.S.C. §841(a)(1); and a firearm offense under 18 U.S.C. §924(c). The probation officer determined that the relevant conduct in defendant's case was twenty-four kilograms of cocaine base, which resulted in a base offense level of 38 (then applicable to 1.5 or more kilograms of cocaine base). Defendant also received a four-level enhancement for his role in the offense, resulting in a total offense level of 42, and a sentencing range of 360 months to life. Defendant was sentenced to a term of 360 months incarceration on

each of the drug offenses, to run concurrently, and to a term of 60 months on the firearms offense, to run consecutively with the sentence imposed on the drug offenses.

Defendant's conviction was affirmed on appeal. However, the Sixth Circuit Court of Appeals remanded defendant's case for resentencing under United States v. Booker, 543 U.S. 220 (2005). The court held a sentencing hearing under Booker on August 25, 2005. The court imposed a sentence of 180 months on each of the drug charges, to run concurrently, and a sentence of 60 months on the firearm charge, to run consecutively with the drug offenses. The sentence imposed on the drug charges was fifteen years below the then applicable advisory guideline range. That sentence was upheld on appeal.

Under the amended Guidelines, defendant's relevant conduct, 24 kilograms of cocaine base, would still fall within the base offense level of 38, which now applies to offenses involving 8.4 kilograms or more of cocaine base. See U.S.S.G. §2D1.1(c)(1). Thus, the defendant is not eligible for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2). See U.S.S.G. 1B1.10(a)(2)(B) (a reduction is not consistent with this policy statement and is not authorized under 18 U.S.C. §3582(c)(2) if the amendment does not have the effect of lowering defendant's applicable guideline range). Defendant's motion for reduction of sentence is denied.

Date: December 7, 2011            s\James L. Graham
                                  James L. Graham
                                  United States District Judge